

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/13/08**

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial
(212) 416-8965

May 12, 2008

So ordered
[signature] USDJ
5-12-08

Via Facsimile Transmission

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: **New Horizon Church Ministry v. David Paterson**
        S.D.N.Y. Case No. 08 CV 3842 (RWS)
        **New Horizon Church Ministry v. Eliot Spitzer**
        S.D.N.Y. Case No. 07 CV 9512 (RWS)

Dear Judge Sweet:

    By letter dated March 11, 2008, we wrote to the Court, with a copy to plaintiff's counsel, in regard to the action *New Horizon Church Ministry v. Eliot Spitzer*, Case No. 07 CV 9512 (RWS). We informed the Court that plaintiff had utterly failed to serve the amended complaint upon the only named defendant, then-governor Eliot Spitzer, and that plaintiff's time to effect service has expired. See Fed.R.Civ.P.4(m). By order dated March 20, 2008, this Court dismissed the action for failure to prosecute, without prejudice, permitting plaintiff to have thirty (30) days within which to show cause why the case should be reopened. Plaintiff failed to respond to the order or otherwise show cause why the case should be reopened within the time permitted by the Court.

    On or after April 23, 2008, plaintiff filed the action *New Horizon Church Ministry v. David Paterson*, Case No. 08 CV 3842 (RWS). This new complaint is brought by the same plaintiff, asserts the same claims, and aside from naming the current Governor, is otherwise identical to the dismissed complaint. A copy of the complaint was delivered to this office but, upon information and belief, as of this writing has not been served upon Governor Paterson. We have not received a request for

representation pursuant to Public Officers Law § 17 at this time.

       Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an involuntary dismissal for failure to prosecute or to comply with the Federal Rules or a court order operates as an adjudication on the merits. As a result, plaintiff is precluded from bringing the same claim again after the previous dismissal for failure to prosecute. See Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995)("The rules of finality...treat a dismissal for failure to prosecute as a judgment on the merits"). Here, plaintiff willfully failed to make any efforts to effect service within Rule 4's 120 day deadline, failed to respond to a letter from this office, failed to respond to the Court's order that the plaintiff show cause why the case should be reopened, failed to seek reconsideration of the dismissal or otherwise to seek relief from the court's judgment, and has failed to proffer any justification or excuse for the previous failure to prosecute. Plaintiff was specifically informed of the result of its conduct in refusing to prosecute and elected even then to do nothing. In light of these willful failures, we respectfully suggest that plaintiff's new action is barred and that summons not issue and the complaint in the matter New Horizon Church Ministry v. David Paterson, Case No. 08 CV 3842 (RWS) be dismissed.

                                    Respectfully submitted,

                                      Monica Connell
                                      Assistant Attorney General

MC/
cc: Richard L. Mahfouz, Esq. (Via Fax)

120 Broadway, New York, N.Y. 10271-0332 • Phone (212) 416-8610 • Fax (212) 416-6075 • Not For Service of Papers
http://www.oag.state.ny.us